**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOSE M. DEHAROBERNAL,

    Petitioner,

-vs-                                    Case No. 8:07–cv-986-T-27TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se,* initiated this action

by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1), and a

memorandum of law in support of the petition (Dkt. 2). Petitioner challenges his sentences

following convictions for armed burglary, aggravated assault with a firearm, obstructing an

officer without violence, and violation of a domestic violence injunction entered in 2004 by the

Twelfth Judicial Circuit Court, Sarasota County, Florida. Respondent filed a response to the

petition (Dkt. 15). Despite being given the opportunity to file a reply to Respondent's response

(see Dkt. 10 at pg. 4), Petitioner did not file a reply to the response.

Respondent asserts no challenge to the petition's timeliness. The matter is now before

the Court for consideration on the merits of Petitioner's claims. An evidentiary hearing is not

required for the disposition of this matter. Rules Governing Section 2254 Cases 8(a) (2009).

### Background

On August 6, 2004, Petitioner was charged by Amended Information with armed

burglary, aggravated assault with a firearm, obstructing or opposing an officer without violence, violation of a domestic violence injunction, and battery (Respondent's Ex. 1, Vol. I at pgs. 28-32). Following a jury trial, Petitioner was found guilty on August 11, 2004, on all counts with the exception of the battery count (Id. at pgs. 61-62). On October 29, 2004, a ten-year mandatory prison term was imposed on the armed burglary count, and a concurrent five-year prison term was imposed on the aggravated assault count. He was sentenced to time served in the county jail on the misdemeanor counts (Id. at pgs. 80-84). Petitioner's convictions and sentences were affirmed on direct appeal on December 28, 2005, in a per curiam decision without written opinion (Respondents' Ex. 4); *see Deharobernal v. State*, 918 So. 2d 299 (Fla. 2d DCA 2005)[table].

On October 25, 2006, Petitioner filed a Motion to Correct Illegal Sentence pursuant to Florida Rules of Criminal Procedure, Rule 3.800(a) (Respondent's Ex. 6). The state trial court denied the motion on November 1, 2006 (Respondent's Ex. 7). The appellate court affirmed the denial of the motion on February 21, 2007 (Respondent's Ex. 9); *Deharobernal v. State*, 949 So. 2d 1040 (Fla. 2d DCA 2007)[table].

On June 6, 2007, Petitioner filed his federal habeas petition in the instant action (Dkt. 1).[1]

## Standards of Review

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court's review of the state court's factual findings must be

---

[1]Although the Court received Petitioner's petition on June 8, 2007, a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). It appears Petitioner delivered his petition to prison officials for mailing on June 6, 2007 (See Dkt. 1 at pg. 1).

highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). It is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." *Id. Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ." 28 U.S.C. 2254(b)(1)(A); *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also, Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003)("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)); *Duncan v. Henry*, 513 U.S. 364 (1995)("[E]xhaustion of state remedies requires that the state prisoner 'fairly present' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights[.]'") (citation omitted).

Under the procedural default doctrine, "if the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). "The doctrine of

3

procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." *Henderson v. Campbell*, 353 F.3d at 891 (quoting *Judd v. Haley*, 250 F.3d at 1313).

Pre-AEDPA decisions from the Supreme Court establish the framework governing procedural default in federal habeas cases. A procedural default will only be excused in two narrow circumstances. First, petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the default. "Cause" ordinarily requires petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court. *Henderson v. Campbell*, 353 F.3d at 892; *Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995).

To show "prejudice," the petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his factual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). The petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892.

Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Henderson v. Campbell*, 353 F.3d at 892. This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson*, 353 F.3d at 892. The fundamental miscarriage of justice exception concerns a petitioner's "actual"

innocence rather than his "legal" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986) (explaining a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'to be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon*, 523 U.S. at 559 (quoting *Schlup*, 513 U.S. at 324) (explaining "given the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected") (internal quotation marks omitted). The *Schlup* Court stated the petitioner must show constitutional error coupled with "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. This fundamental miscarriage of justice exception is not available unless "the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain*, 53 F. 3d 106, 108 (5th Cir. 1995)(denying certificate of probable cause)(footnote omitted).

## Discussion

### Ground One

In Ground One, Petitioner complains that his ten-year minimum mandatory sentence violates the legislative intent expressed in Section 775.087, Florida Statutes. Specifically, Petitioner asserts that the Florida Legislature did not intend the statute to apply where the offender does not have a violent criminal history, or where the weapon used during the

5

commission of the crime was not used to threaten the victim.[2] This claim is a state law sentencing issue not cognizable on § 2254 federal habeas review. The purpose of a federal habeas proceeding is to review the lawfulness of a petitioner's custody to determine whether the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). The Supreme Court has held that federal habeas relief does not lie for errors of state law. *Estelle v. McGuire*, 502 U.S. 62,67-68 (1991) (holding that"... it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

The Eleventh Circuit Court of Appeals has held that questions of pure state law do not provide a basis of constitutional dimension for federal habeas corpus purposes, and that a state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief where no question of a constitutional nature is involved. *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983). The Eleventh Circuit has stated that only in cases of federal constitutional error will a federal writ of habeas corpus be available. *See Jones v. Goodwin*, 982 F.2d 464, 471 (11th Cir. 1993); *see also Branan v. Booth*, 861 F.2d 1507,1508 (11th Cir. 1988). "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992) (citation omitted) (holding that no federal constitutional issues involved in claim that state law was violated by improperly using prior juvenile convictions during sentencing - hence no basis for habeas relief), *cert. denied*, 507 U.S. 975 (1993).

---

[2] Petitioner asserts he used the weapon only to threaten his own life in an attempt to convince the victim to speak to him.

State courts constitute the final arbiters of state law. *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997), *cert. denied*, 523 U.S. 1023 (1998). "State courts are the ultimate expositors of their own state's laws, and federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a state's criminal statutes by the courts of the state except in extreme cases." *Mendiola v. Estelle*, 635 F.2d 487, 489 (5th Cir. Unit A 1981). The federal habeas corpus court will be bound by the Florida court's interpretation of its own laws unless that interpretation breaches a federal constitutional mandate. *McCoy v. Newsome*, 953 F.2d 1252,1264 (11th Cir.)(per curiam), *cert. denied*, 504 U.S. 944 (1992).

In sum, Petitioner's sentencing error claim presents an issue of state law that is not cognizable on federal habeas review.

Moreover, Petitioner did not present this sentencing issue in the state court as a federal due process violation (See Respondent's Ex. 6). Consequently, the claim is unexhausted and procedurally barred. Petitioner has not demonstrated cause and prejudice or a miscarriage of justice to obtain federal review of the defaulted claim.

Accordingly, Ground One does not warrant federal habeas corpus relief.

**Grounds Two and Three**

In Grounds Two and Three, Petitioner essentially complains that pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington,* 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), his rights under the Sixth and Fourteenth Amendments were violated because the jury in his case was not informed that its factual finding that Petitioner possessed or carried a firearm during the commission of the crime[3] would expose him to the

---

[3]Petitioner concedes that the jury found he possessed a firearm during the commission of the burglary.

enhanced minimum mandatory sentence. It appears Petitioner argues that *Apprendi*, *Blakely*, and *Booker* mandate jury participation when a sentence is enhanced, and prohibit a court from enhancing a sentence when the jury is unaware that its factual finding that a defendant possessed a firearm can be used to enhance the sentence.

*Apprendi* established that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.*, 530 U.S. at 490. In *Blakely*, the Supreme Court clarified that the relevant "statutory maximum for *Apprendi* purposes is the maximum a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Id.*, 542 U.S. at 303-04. "In *Booker*, the Supreme Court 'reaffirm[ed] [its] holding in *Apprendi*: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.'" *United States v. Taylor*, 317 Fed. Appx. 944, 946 (11th Cir. 2009) (unpublished opinion) (quoting *Booker*, 543 U.S. at 244).

*Apprendi*, *Booker*, and *Blakely* do not hold that a jury must participate in sentencing when a sentence is enhanced based on the jury's factual findings. Nor do these cases hold that a jury must be apprised that its findings of fact may be used to enhance a defendant's sentence. Therefore, Petitioner has failed his burden to demonstrate that the state courts' denial of these claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d). *See Price v. Vincent*, 538 U.S. 634, 638 (2003); *Maharaj v. Sec'y for the Dep't of Corr.*, 432 F.3d 1292,

1308 (11th Cir. 2005).

Furthermore, because the jury found beyond a reasonable doubt that Petitioner carried or possessed a firearm during the commission of the crime of burglary of a dwelling,[4] the sentence did not violate *Apprendi*, *Blakely*, or *Booker*. Petitioner's sentence, including the ten-year minimum mandatory for carrying or possessing a firearm during the burglary of a dwelling, was fully authorized by the jury's findings. The trial court did not increase Petitioner's sentence beyond that which was statutorily authorized by the jury's finding.[5]

Petitioner has not met his burden of demonstrating that the state courts' denial of these claims was contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court within the meaning of 28 U.S.C. § 2254(d). Accordingly, Grounds Two and Three do not warrant relief.

## Conclusion

For the foregoing reasons, the Court finds that Petitioner is not entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

---

[4]See Respondent's Ex. 1, Vol. I at pg. 61.

[5]Section 775.087(2)(a)1. states in pertinent part that "[a]ny person who is convicted of a felony or an attempt to commit a felony, regardless of whether the use of a weapon is an element of the felony, and the conviction was for...burglary...and during the commission of the offense, such person actually possessed a 'firearm' or 'destructive device' as those terms are defined in s. 790.001, shall be sentenced to a minimum term of imprisonment of 10 years..."

9

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** in Tampa, Florida, on _____March 9th_____, 2010.


_____
JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy to: Petitioner *pro se*
        Counsel of Record